(68 South. 133)

No. 21152.

## STATE v. ARDOIN.

(March 22, 1915. Rehearing Denied April 12, 1915.)

*(Syllabus by the Court.)*

1. JURY ⬯59 — JURY COMMISSIONER — DISQUALIFICATION OF "OFFICER."

A democratic parish executive committeeman is not an officer, within the meaning of the provision in section 3 of Act No. 135 of 1898, "that no person holding any office under the state or under any parish or municipality therein shall be competent to hold the office of jury commissioner."

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 268–272; Dec. Dig. ⬯59.

For other definitions, see Words and Phrases, First and Second Series, Officer.]

2. JURY ⬯75—DISCHARGE OF REGULAR JURORS—DISCRETION OF JUDGE.

Although the defendant, in a criminal case, has the right to exhaust the regular venire before resorting to tales jurors, the judge is vested with some discretion in the matter of excusing or discharging a limited number of the regular jurors.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 384–390; Dec. Dig. ⬯75.]

Appeal from Sixteenth Judicial District Court, Parish of Evangeline; B. H. Pavy, Judge.

Joseph Orise Ardoin was convicted of stealing a cow, and appeals. Affirmed.

S. W. Gardiner, of Ville Platte (E. B. Dubuisson, of Opelousas, of counsel), for appellant. Fontenot & Dore, of Opelousas, amici curiæ. R. G. Pleasant, Atty. Gen., and R. Lee Garland, Dist. Atty., of Opelousas (G. A. Gondran, of New Orleans, of counsel), for the State.

O'NIELL, J. The appellant was convicted of the crime of stealing a cow and sentenced to imprisonment in the penitentiary for two years.

[1] Before going to trial, he filed a motion to have the jury venire annulled and set aside, on the ground that a member of the jury commission that drew the jury had vacated that office by being elected and qualifying as a member of the democratic parish executive committee. The motion was properly overruled. Section 3 of Act No. 135 of 1898 provides:

"That no person holding any office under the state or any parish or municipality therein shall be competent to hold the office of jury commissioner."

Membership of an executive committee of a political party is not a state, parish, or municipal office.

Two bills of exception were reserved, respectively, to the judge's excusing or discharging five of the regular jurors drawn for the week and to the impaneling of four tales jurors.

[2] It appears, from the judge's statement per curiam, that five of the regular jurors were impaneled and were deliberating upon their verdict in another case when the venire was exhausted in the drawing of the jury in the present case. During the drawing of tales jurors, the jury engaged in the trial of the other case rendered a verdict, and the judge discharged them from further service during the week, because he regarded their verdict as a miscarriage of justice. There remained 22 regular jurors, all of whose names had been drawn, and either accepted or challenged, in the present case. The names of 25 tales jurors had been drawn, and only 3 were then needed to complete the jury in this case.

Although the defendant had the right to have the regular venire exhausted before resorting to tales jurors, the judge was vested with some discretion in the matter of excusing or discharging a limited number of the regular jurors; and it does not appear that he abused that discretion. The defendant's right is that of eliminating incompetent jurors—not of selecting jurors of his choice. State v. Thompson, 116 La. 829, 41 South. 107; State v. Hamilton, 35 La. Ann. 1043.

The verdict and sentence appealed from are affirmed.