OVERTON, J.
 

 Defendant was indicted in the parish of Ouachita with Howard Roberson for the murder of Adolf Epstein. He and Roberson were jointly tried, found guilty, and sentenced to death. On appeal to this court the verdict and sentence were set aside, and the case remanded. State v. Roberson et al., 157 La. 974, 103 So. 283. After the remand of the case, a severance was granted, and Roberson was brought to trial alone. He was again convicted and sentenced to death, and on appeal to this court the sentence was affirmed. After Roberson’s conviction, defendant obtained a change of venue to the parish of Morehouse. He was there tried, convicted, and sentenced to death. From the second conviction and sentence he prosecutes this appeal.
 

 Before going to trial defendant moved, but without success, to quash the venire, selected for the week in which he was to be tried, on the ground that, of the 30 jurors selected, only 24 were present when his case was called for trial. It appears that five of the absent jurors had left the parish, and hence the sheriff could not make service on them, and another was excused from service before court convened. As to the juror excused by the judge before court convened for the term, it appears that he had made arrangements to go to college and desired to leave before court convened. Defendant no longer insists on the bill, reserved to the overruling of the motion, so far,as it relates to the five jurors who left the parish, except to the extent necessary to call attention to
 
 *313
 
 the fact that only 24 of the 30 jurors drawn for service were present, but defendant insists on that part of his bill relating to the juror who was excused by the judge. It is not necessary to inquire whether defendant’s remedy, in this instance, if any he had, was by motion to quash the venire, or by some other procedure. In fact, no question relative to the method of procedure is raised by the state. The bill may be disposed of on another ground. The trial judge has a reasonable discretion in excusing jurors, but should exercise it with care. State v. Ardoin, 136 La. 1085, 68 So. 133. This discretion he may exercise either in or out of court. Frequently it becomes necessary to exercise the power out of court. In this instance, we find that he did not abuse his discretion.
 

 The second bill of exception is one reserved to -the overruling of an objection to the admissibility of the evidence of one Willie Stone. The objection is based on the ground that Stone is an accomplice in the murder charged. The fact that he is, if such is the case, did not. render his 'evidence inadmissible. That fact, in so far as relates to his evidence, could affect its credibility only. Marr’s Criminal Jurisprudence (2d Ed.) § 602, p. 931. It may be here observed that, not only was Stone not on trial with defendant, but as a matter of fact, so far as appears, he has never been indicted for the' offense.
 

 The third bill of exception was taken to the overruling of an objection to the admissibility of a statement made by defendant, which the state offered as being in the nature of a confession. The statement was objected to on ground that it was exculpatory and not inculpatory, and that to be admissible it had to be inculpatory. The mere fact that a statement is exculpatory does not render it inadmissible, where the state is in position to show its falsity, and where the statement together with its falsity, when shown, will have a tendency to show a conscious knowledge of guilt on the part of the accused. Thus, “evidence of' falsehood on the part of the accused ‘in giving an account of himself or of the transaction, or his relation to it, is competent as affording a legitimate presumption of guilt. For this purpose the prosecution may prove such declarations of the accused and then prove their falsity.’ ” State v. Aspara, 113 La. 940, 37 So. 883; 16 C. J. sec. 1059, p. 550. However, in this instance, as we have in effect said, the state offered the statement, which is a written one, on the theory that it contains declarations which, if true, have a tendency to incriminate the accused. The murder of Epstein was secretly committed. The state, as a circumstance in its case, wished to show, among other things, the presence of defendant at the commission of the crime. The statement in question, which was given voluntarily by the accused over five months after the homicide, is to the effect that Roberson and Stone went in an automobile to the tent where defendant boarded, and Roberson asked defendant to ride around with them for a while; that while they were riding around Roberson asked defendant if he had anything to drink; that defendant replied in the affirmative; that the car was turned around; that he and Stone left the car to get the whisky; that they returned, and on reaching the car each took a drink, and then drove on; that, when they reached a certain point on the Monroe and Bastrop road, they took another drink; that Roberson then said to them: “Go up to Epstein’s. I have got a few words to settle with him.” That defendant assented; that they then went to Epstein’s store; that Roberson and defendant went into the store and Roberson called for a “coke” and Epstein went to the box, got one, and set it on the box; that he started to get another, when Roberson struck him with a hatchet; that Epstein threw a bottle
 
 *315
 
 at Roberson; that Roberson struck him again and then cut him with a meat knife; that defendant then left the store, stopped at a pump, and waited for Roberson for about three minutes, when Roberson appeared and asked defendant to pump some water for him; that the pump failed to work; that Roberson then washed his hands in a hole at the pump, and that they then left in the automobile, in our opinion this statement, if for no other purpose, was admissible to show that defendant was present when the homicide was committed ; that he was there at the suggestion of Roberson, who wished to settle a few words with the deceased; and that he waited for Roberson after the homicide had been committed. These, as we appreciate the ease, were circumstances of importance to the state. In our view, the objection was properly overruled.
 

 The fourth and fifth bills may be considered together. It appears from these bills and the per curiam attached thereto that defendant, during the trial, took the witness stand in his own behalf, and gave evidence in conflict with statements contained in a confession, made by him, in the presence of several officials, on August 28, 1924. When the defendant closed, the state placed two witnesses on the stand for the purpose of impeaching defendant by showing various statements, which defendant denied having made, while on the stand, after he had been placed on his guard, and which were in conflict with his evidence. The defendant objected to the impeaching evidence on the ground that he could not be impeached by using a confession, which had been repudiated by him, and which this court, in the case of the State v. Roberson et al., 157 La. 974, 103 So. 283, in which he was a defendant, had held to be incompetent; and on the ground that the evidence, sought to be offered, was obtained while he was in the custody of the sheriff and under duress, and this the defendant asked the privilege of showing. The court, as appears from the note of evidence attached to the bill, overruled these objections on the ground that it is competent to show' that the witness made a contrary statement, and that he now denies the statement he previously made. 1
 

 In the case of State v. Roberson et al., 157 La. 974, 103 So. 283, referred to by defendant in his objection, a confession, made Jjy him, relating to the murder of Epstein, was offered by the state and its admissibility considered by this court. While the opinion in the case, as appears from the report of the case, does not show that a majority, or four, of the justices concurred in holding that the confession made by defendant was not admissible in evidence, the court having divided on that question, still, as a matter of fact, four of them did concur in that view. Hence the case should be looked upon, in the future, as one in which a majority of the court concurred in the view that the confession was inadmissible. However, the statement, here made, as to what was ruled in the cited case, is not of importance in deciding the present objection, for, while the statements offered were made at or about the same time that the confession, referred to in the objection, was made, and while two of them, in substance, are contained in the confession, offered in the case against Roberson et al., as appears from that confession, incorporated in this record, and while the remaining statement was made at the same time and place as the others, still it does not clearly appear that they, the particular, statements, offered in this case, were not made before_ or after that confession. In other words, when the witnesses testify that they heard defendant make the statements, it does not clearly appear whether or not they heard him make them when he was making his confession. Therefore, we shall consider the statements as if they formed no part of the confession.
 

 The statements offered are shown by the
 
 *317
 
 following questions and answers, propounded to one of the witnesses:
 

 “State whether or not, Mr. Pooser, you have heard Luther Hayes (the defendant) say that previous to the death of Epstein, Roberson had said to him while they were passing Epstein’s store, and while he was carrying out his ashes, in the presence of Hoyt Yarborough' and Willie Stone, that this would be a good time to get Mm. Did you hear him say that? A. Yes, sir.
 

 “State whether or not, Mr. Pooser, you ever heard Luther Hayes in answer to this question make this answer. Had Roberson ever made a remark to you, or in your presence, that Mr. Epstein refused to sell him a casing on credit and that some one ought to pull a job on him, and he answered that he had? Did you hear him say that? A. Yes, sir.
 

 “State whether or not you have ever heard Luther Hayes say that before he and Roberson went into the Epstein store that night, Roberson, in his hearing told Willie Stone that if anybody came up and stopped, to blow the horn. A. Yes, I heard him say that.”
 

 Especially when it is considered that Epstein was secretly murdered, the last statement testified to by these witnesses is highly incriminatory. It tends strongly to give the impression that defendant did not enter, together with Roberson, Epstein’s store, on the night of the murder, innocently, but with evil design, and this impression is reinforced by the two remaining statements, which were made at the same time and in the same place. Had these statements been offered as substantive evidence, and had they been forced from the defendant, we think they would have been held inadmissible under the ruling made in State v. Simpson, 157 La. 614, 102 So. 810. In that case it was held substantially that, under section 11 of article 1 of the Constitution, a statement or indication that the accused was compelled by a deputy sheriff to give, relative to the location of a still, was not admissible against him, although the statement or indication was not a confession of guilt. Since a statement, although it may not be a confession of guilt, obtained by duress, is not admissible as substantive evidence against an accused, it would seem that, if, at the time the statement is offered, it did not appear that it was made voluntarily, the state, upon the objection of the defendant, would have to establish that it was so made, and that the defendant should have an opportunity to rebut the evidence offered, as a condition precedent to the admission of the statement.
 

 However, as we have seen, the statements in this instance were not offered as substantive evidence, but merely as impeaching evidence. and the jury were so instructed by the court. Still, in our view, that makes no difference. The same rule, applicable to the admission of a confession, not voluntarily given, to impeach the evidence of an accused on'trial, is, we think, applicable to the admissibility of incriminatory statements, when-offered for the same purpose. The rule as to the admissibility of confessions for such purpose is stated in 40 Cyc. p. 2713, to be as follows:
 

 “But where a person accused of crime testifies in his own behalf he cannot be impeached by showing that he has made statements admitting his guilt, when such statements were not made under such circumstances as to be admissible as a confession.”
 

 This rule, as we have said, is applicable to, and governs, the admissibility of incriminatory statements.
 

 Since, when a confession is objected to as one not voluntarily made, the state must show that it was so made, before it can be received in evidence, and the defendant must be given an opportunity to offer in rebuttal his evidence, we think the same rule governs the admissibility of incriminatory statements, whether they are offered as substantive or impeaching evidence. We also think that the objection urged was sufficient to require the state to make that proof.
 

 In this instance, the state made no effort to show that the statements were voluntarily made, and apparently the defendant was given no opportunity to show that they were
 
 *319
 
 not so made, before the court ruled. The few questions ashed on the cross-examination of the impeaching witnesses, by defendant, touching the voluntary character of the statements, were apparently asked after the court ruled, while the evidence was going to the jury, and moreover are wholly insufficient to show whether or not the statements were made voluntarily.
 

 Before closing it may be proper to say that the statement made by defendant, and considered in the
 
 preceding
 
 bill, was made over three months after the statements, here considered, were made, and contain matter different from that contained in the one first considered.
 

 For the reasons assigned, the verdict and the sentence, appealed from, are annulled and set aside, and this case is remanded to be proceeded with according to law.