PER CURIAM.
The defendant, Melvin Morris, appeals his jury conviction of armed robbery, La. R.S. 14:64, for which he was sentenced to serve thirty (30) years in the State Penitentiary. He relies on three bills of exceptions reserved and perfected during his trial in pursuing this appeal.
Bill of exceptions number one alleges inculpatory statements were wrongfully admitted in the trial because they were obtained contrary to the constitutional guidelines set out in Miranda versus Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed. 2d 694 (1966). The question of the admissibility of the statements was thoroughly treated during the hearing on a motion to suppress which took place prior to trial. From the testimony adduced at the hearing on the motion to suppress, it appears from statements made by the defendant himself that he was orally advised of his rights immediately upon arrest, and again when brought to the station he was advised of his rights. Though admitting the formal application of the Miranda rules, the defendant persistently maintains he did not understandingly make a waiver of those constitutional rights. We find this allegation is not supported by the testimony adduced at the hearing on the motion to sup-' press. Therefore, we find no merit in this bill of exceptions.
The defendant’s second bill of exceptions argues error occurred when the trial court permitted the introduction of testimony pertaining to a pawn ticket secured from the defendant at the time he was arrested. Counsel for the defense-argues that testimony relating to the pawn ticket created an inference and association with a prior robbery. We find this bill lacks merit for several reasons.
The pawn ticket was among the effects found in the defendant’s wallet at the time he was arrested. Upon checking into the matter, the authorities determined the ticket represented a deposit of a wrist watch. Upon cross examining the defendant, the State, after asking several questions relating to the pawn ticket, asked the defendant, “Did you tell the police that this represented a watch you had gotten in a robbery?” Counsel for the defense objected to the question on the basis “that there is no proof of any evidence from any jeweler or any other place . . . ” The Court overruled defense counsel’s objection to the question and defense counsel at that point moved for a mistrial. This motion was denied by the Court. We agree with the trial court’s conclusion that this line of questioning was within the permissible scope of cross-examination. Earlier in the trial, police authorities gave testimony regarding inculpatory statements made by the defendant to them during police interrogation. These statements were found to be admissible into evidence at a prior preliminary hearing as noted in bill of ex *1074 •ceptions number one. By the provisions of La.R.S. 15:450, “every confession, admission or declaration sought to be used against .any one must be used in its entirety, . . ” During the testimony of the interrogating •officer regarding the statements made by the defendant, the officer referred to the ■pawn ticket as representing a watch taken in an earlier robbery the defendant admitted committing. Upon cross examination by the State, the defendant admitted the pawn ticket was in his possession, though claiming he had obtained the watch by purchase. It was not error for the State to ••attempt to impeach the defendant regarding the circumstances surrounding the pawn ticket. For these reasons, we find this second bill of exceptions lacks merit
The defendant’s final bill of exceptions was taken to the denial of a motion for new trial. Besides other issues treated in the bills of exceptions noted above in the motion for new trial, defendant complains •of certain comments in the State’s final •argument. As counsel for the defendant •did not object and reserve a bill of exceptions to the statements made by the State •during its final argument, he therefore has waived his right to complain of them. La. C.Cr.P. art. 841; see State v. Fink, 255 La. 385, 231 So.2d 360 (1970). As we have considered the other issues raised by the motion for new trial in the bills of exceptions above, we need not consider them iurther. For these reasons, we find the third and final bill of exceptions lacks merit.
For the reasons assigned, the conviction and sentence are affirmed.