322 So.2d 136 (1975)
STATE of Louisiana, Appellee,
v.
Stanley ZENO, Appellant.
No. 56258.
Supreme Court of Louisiana.
November 3, 1975.
Rehearing Denied December 5, 1975.
*137 Peter C. Piccione, Sr., Peter C. Piccione Law Offices, Lafayette, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Nathan Stansbury, Dist. Atty., Byron P. Legendre, Asst. Dist. Atty., for plaintiff-appellee.
TATE, Justice.
The defendant Zeno was convicted of second degree murder, La.R.S. 14:30.1 (1973), and sentenced to life imprisonment. On his appeal, the defendant relies upon thirteen assignments of error.[1]
The assignments are governed by clearly applicable principle and present no reversible error:
Assignment 1: The effective exclusion of women under then-valid state law, declared unconstitutional by Taylor v. Louisiana, 419 U.S. 522, 95 S.Ct. 692 (1973), does not retroactively affect the validity of the present jury, which was empanelled prior to the Taylor decision. Daniel v. Louisiana, 420 U.S. 31, 95 S.Ct. 704, 42 L.Ed.2d 790 (1975); State v. Rester, 309 So.2d 321 (La.1975).
Assignment 2: The defendant did not bear his burden of proving that he lacked the mental capacity to proceed with the trial. La.C.Cr.P. art. 647; State v. Marks, 252 La. 277, 211 So.2d 261 (1968). Cf., State v. Flores, 315 So.2d 772 (La. 1975).
*138 Assignment 3: The indigent defendant cites no authority to justify the issuance to him without charge of a daily transcript of the testimony, nor does he show any prejudice to have resulted to him from the failure to accord him this luxury service. In short, no showing is made that the refusal to afford the accused a daily transcript denied him an adequate opportunity to present his defense at the trial. Cf., Ross v. Moffitt, 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974).
Assignment 4: No showing is made that the trial court abused its discretion in determining that the witness Huval was an expert who was competent to give his opinion in the field of firearms identification. La.R.S. 15:466; State v. Thorson, 302 So.2d 578 (La.1974).
Assignment 5: No basis whatsoever is shown by the record for finding the predicate insufficient to establish that inculpatory evidence was the product of a lawful search and seizure, and that a statement by the accused was voluntary. Hence, they were properly admitted into evidence before the jury.
Assignment 6: The prosecuting witness admitted that she had made certain statements at the preliminary examination which were inconsistent with her trial testimony. Having done so, the prior inconsistent statements were not independently admissible. No foundation was laid for introduction of any other statement in the preliminary examination by questioning the witness as to her having made it. Thus, the trial court correctly denied the defendant's attempt to introduce for purposes of impeachment the entire record of the preliminary examination into evidence at the trial. See La.R.S. 15:493.
Assignment 7: No abuse is shown of the trial court's discretion in admitting into evidence certain photographs, over the defendant's objection that they were cumulative and might be inflammatory. State v. Rester, 309 So.2d 321 (La.1975).
Assignment 8: Following the present offense, the accused was interrogated and gave statements for which the requisite predicate of voluntariness was met. In the course of this statement, he admitted to having voiced a threat, on an occasion prior to the present offense, to kill anyone who slapped him. The statement is not shown to be irrelevant to the present prosecution nor inadmissible for any other cause. State v. Hayes, 162 La. 310, 110 So. 486 (1926), upon which the defendant relies, merely held that incriminating statements could not be admitted without a prior showing of their voluntariness. This requirement was here met by the predicate satisfactorily showing voluntariness of the statements made at the time of the present interrogation.
Assignment 9: The trial court continued the trial to the conference room of a hospital to permit the jury to hear the testimony of a witness there hospitalized. No prejudice to the defendant is shown. No abuse is shown of the trial court's discretion to do so in order to hear the testimony of a witness too incapacitated to attend the trial in the parish courthouse. La.C.Cr.P. art. 762(1).
Assignment 10: The defendant contends that the prosecutor made an improper statement in rebuttal argument. The record does not indicate that any objection was made at the time. The defendant's failure to object to the comments at the time waives his right to complain on appeal that the argument was improper. La.C.Cr.P. art. 841; State v. Morris, 261 La. 1069, 262 So.2d 324 (1972).
Assignment 11: The minutes reflect that the motions for a new trial and *139 for arrest of judgment were tried on December 16 and denied. The record does not reflect that, at the time, the defendant requested the opportunity to make any other showing than the motions themselves, which principally re-urge as error the contentions previously noted. No basis is shown for the defendant's contention that he did not receive the hearing on these motions required by La.C.Cr.P. arts. 852, 860.
Assignment 12: The defendant contends that the prosecutor's notice of intent to introduce inculpatory statements, delivered to him shortly before the trial, was inadequate compliance with the requirement of La.C.Cr.P. art. 768. The record does not reflect that the defendant objected on that ground to introduction of any inculpatory statements introduced, nor that he objected at the trial to the insufficiency of the notice. The post-trial objection is untimely and waived any right to rely on appeal on the alleged deficiency. La.C.Cr.P. art. 941. See State v. Sneed, 316 So.2d 372 (La. 1975) for full discussion of requirements of the notice and of the circumstances of non-prejudice and lack of objection where the notice's technical insufficiency presents no reversible error.
Assignment 13: This assignment was first made in brief to this court. It was not assigned as error in the trial court, La.C.Cr.P. art. 844 (1974), and therefore cannot be considered on appeal, La.C.Cr.P. art. 920 (1974). (On its merits, it questions the sufficiency of the evidence, as well as the trial jury's failure to accord weight to testimony supporting an alibi. The assignment is not substantial.)

Decree
Finding no error, we affirm the conviction and sentence.
Affirmed.
NOTES
[1] In the trial court, the defendant assigned twelve errors to be urged on appeal. La.C. Cr.P. art. 844 (1974). In brief in this court, they are rearranged. For convenience, we will discuss them as numbered in the brief.