447 So.2d 1 (1983)
STATE of Louisiana, Plaintiff-Appellee,
v.
Edward D. KIRTS, Defendant-Appellant.
No. CR83-436.
Court of Appeal of Louisiana, Third Circuit.
December 14, 1983.
On Rehearing March 7, 1984.
Rehearing Denied March 29, 1984.
Stephen Everett, Alexandria, for defendant-appellant.
G. Earl Humphries, III, Asst. Dist. Atty., Alexandria, for plaintiff-appellee.
Before GUIDRY, FORET and KNOLL, JJ.
GUIDRY, Judge.
On July 31, 1982, the defendant, Edward D. Kirts, was arrested and charged with forcible rape, a violation of LSA-R.S. 14:42.1. He was tried before a jury of 12 persons who found him guilty as charged by a vote of 11 to 1. After multiple offender bills were filed, and following a pre-sentence investigation and hearing, the defendant was sentenced to serve 35 years at hard labor, the first 25 years to be served without probation, parole, or suspension of sentence.
At the commencement of his trial, the defendant moved to quash the jury venire due to a lack of blacks in the venire available for selection as jurors. The motion was denied. After the trial, the defendant filed a motion for new trial alleging irregularity in the "excuse" of jurors from the prospective panel, and asked for an evidentiary hearing thereon. Both of defendant's motions were denied.
The defendant appeals the denial of said motions and has submitted written briefs *2 alleging two assignments of error. However, defendant's assignments of error were not perfected as required by LSA-C. Cr.P. Art. 844. Therefore, even though the assignments were briefed by the defendant, this case is subject only to a review for errors patent on the face of the record. State v. Zeno, 322 So.2d 136 (La.1975) and State v. Spears, 350 So.2d 603 (La.1977).
We have carefully examined the record in this case pursuant to the mandate of LSA-C.Cr.P. Art. 920, and finding no errors patent on the face of the record, we affirm the defendant's conviction and sentence imposed.
AFFIRMED.

ON REHEARING
On July 31, 1982, the defendant, Edward D. Kirts, was arrested and charged with forcible rape, a violation of LSA-R.S. 14:42.1.[1] On February 16, 1983, he was convicted by a twelve-person jury, by a vote of 11 to 1. After multiple offender bills were filed, and following a pre-sentence investigation and hearing, the defendant was sentenced to serve 35 years at hard labor, the first 25 years to be served without probation, parole, or suspension of sentence.
On initial consideration of the defendant's appeal, our examination of the record indicated that the defendant had not perfected any assignments of error as required by LSA-C.Cr.P. Art. 844. Therefore, the case was subject only to a review for errors patent. As none were present, this Court affirmed the defendant's conviction and sentence. However, on application for rehearing, it was shown that the defendant's assignments of error were in fact properly perfected, but due to a clerical error were not forwarded with the record to this court. We granted a rehearing in order to properly review the defendant's assignments of error. The defendant was given the opportunity to file an additional brief, which was not filed. Appellant relies on the arguments previously submitted.
On July 30, 1982, the victim and her husband were traveling through Alexandria. While stopping for gas at a convenience store, in downtown Alexandria, the two commenced to argue. This resulted in the victim becoming stranded at the store. She called long distance to her mother, who agreed to purchase a bus ticket for her to get home. She also called the Alexandria police asking if they could locate her car and husband. She spoke to several persons at the convenience store, including the defendant, concerning directions to the bus station. As the victim began to walk in the direction of the bus station, the defendant came up from behind and put what she thought was a knife to her throat. She was forced under the Murray Street bridge and allegedly raped by the defendant. After being arrested, the defendant was identified as the perpetrator, in a live lineup, by the victim.
It is from his subsequent conviction that the defendant has, upon this appeal, perfected two assignments of errors. He urges that the trial court erred:
(1) in denying the defendant's motion to quash the jury venire; and,
(2) in denying the defendant's motion for a new trial.

ASSIGNMENT OF ERROR NO. 1
The defendant argues that the trial court erred in denying his motion to quash the *3 jury venire. On the morning of the trial, counsel for defendant observed what he felt to be a racial imbalance in the make-up of the petit jury venire. It was contended that the venire available for the defendant's case was not a fair cross-section of the community. Counsel for defendant admitted that he has no explanation for the situation, but felt that a new venire should have been obtained in order to assure the defendant a fair and impartial trial.
As pointed out by the State, LSA-C.Cr.P. Art. 419 provides:
"A general venire, grand jury venire, or petit jury venire shall not be set aside for any reason unless fraud has been practiced or some great wrong committed that would work irreparable injury to the defendant.
This article does not affect the right to challenge for cause, a juror who is not qualified to serve."
This article is intended to prevent frivolous attacks upon venires resulting from good faith efforts by jury commissions to comply with legal requirements for selecting juries. LSA-C.Cr.P. Art. 419, Official Revision Comment (a).
The defendant has the burden of establishing fraud or that some irreparable injury has been caused by the jury selection process. State v. Liner, 397 So.2d 506 (La.1981). In the present case, there are no allegations of fraud, and the record is devoid of any indications of such.
The record indicates that the jury venire is randomly selected by a computer. The defendant has failed to show any systematic exclusion from the jury venire of members of his race. In fact, the record points to the voter registration rolls as a racially neutral source for prospective jurors. The record is devoid of any prima facie showing of discrimination.
This assignment is without merit.

ASSIGNMENT OF ERROR NO. 2
By this assignment, the defendant urges that the trial court erred in denying his motion for new trial. The defendant propounds two arguments in support of this assignment. The first concerns the sufficiency of evidence to support the defendant's conviction. As this issue is not briefed, it is considered abandoned. State v. Dewey, 408 So.2d 1255 (La.1982).
The second argument raised in connection with this assignment calls into question the method by which the trial court excused members of the petit jury venire in advance of trial. In conjunction with the motion for new trial, the defendant sought an evidentiary hearing to determine the trial court's reasons for excusing members of the petit jury venire in advance of trial. As we understand the defendant's argument, the hearing was sought in an attempt to show that blacks were routinely excused by the trial court without a proper showing of undue hardship, thus denying the defendant a trial before a fair cross-section of the community. He asserts that, without a hearing to determine the reasons for the excusals, there is no method to determine whether the trial court abused its discretion in this regard.
LSA-C.Cr.P. Art. 783 provides:
"A. The court may excuse a member of the petit jury venire at any time prior to the time he is sworn as a juror to try a particular case. The panel shall be selected from the remaining members of the petit jury venire. The court, either on its own motion, or that of the state or a defendant, may order the attachment of an absent and unexcused petit jury venireman.
B. If jury service, whether criminal or civil, would result in undue hardship or extreme inconvenience, the district court may excuse a person from such service either prior to or after his selection for the general venire, jury pool, or jury wheel. The court may take such action on its own initiative or on recommendation of an official or employee designated by the court.
C. No person or group of persons shall be automatically excused.
D. In the event a person is excused because jury service would result in undue *4 hardship or extreme inconvenience, the court may order that person's name be placed again in the general venire or in a central jury pool."
In State v. Brown, 414 So.2d 726 (La. 1982), the Supreme Court summarized the state of the law regarding the broad discretion afforded the trial court in excusing members of the petit jury venire:
"The court is authorized to excuse a person from jury service either prior to or after his selection for the general venire, jury pool or jury wheel if such service would result in undue hardship or extreme inconvenience. The court may take this action on its own initiative or on the recommendation of an official or employee designated by the court. See C.Cr.P. art. 783(B). We have held that a defendant need not be present when the trial judge excuses prospective jurors before his case is called for trial. State v. Edwards, 406 So.2d 1331 (La.1981); State v. Sheppard, [350 So.2d 615 (La. 1977)], supra. The trial court is vested with broad discretion in excusing prospective jurors for undue hardship. State v. Ivy, 307 So.2d 587 (La.1975). This discretion to release prospective jurors in advance of voir dire examination is not to be disturbed unless there is a showing of fraud or collusion resulting in prejudice to the accused. State v. Edwards, supra; State v. Sheppard, supra."
The evidentiary hearing sought by the defendant is neither provided for nor contemplated by the Code of Criminal Procedure. The onus is clearly on the defendant to show that fraud or collusion in the excusal of prospective jurors resulted in prejudice, but this does not entitle a defendant to an evidentiary hearing when the record is absolutely devoid of any indication that the trial court abused its discretion in excusing prospective jurors.
The record shows that the list of excused jurors was available to the defendant. Had the defendant been able to establish, through independent investigation, that a disproportionately large number of the excused veniremen were black, he might, upon affirmatively alleging such disparity in the motion for an evidentiary hearing, been entitled to relief. The defendant herein makes no allegation of fraud or collusion, and has presented no evidence of such. He seeks, however, an evidentiary hearing, in the nature of a "fishing expedition", in the hope that some evidence of fraud or collusion will appear. The Code of Criminal Procedure does not provide for, nor can we sanction, the granting of a hearing with no showing that it is necessary or warranted. We thus conclude that the trial court was correct in denying the defendant's motion. This assignment lacks merit.
For the above and foregoing reasons, the defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] LSA-R.S. 14:42.1 provides:

"Forcible rape is a rape committed where the anal or vaginal sexual intercourse is deemed to be without the lawful consent of the victim because the victim is prevented from resisting the act by force or threats of physical violence under circumstances where the victim reasonably believes that such resistance would not prevent the rape.
Whoever commits the crime of forcible rape shall be imprisoned at hard labor for not less than two nor more than forty years. At least two years of the sentence imposed shall be without benefit of probation, parole, or suspension of sentence."