MICHAEL J. McNULTY, Judge Pro Tern.
Defendant, Philbert Sterling, Jr., was charged by a Bill of Information with armed robbery, a violation of Louisiana Revised Statutes 14:64. He entered a plea of not guilty and after a trial, was found guilty and sentenced to serve twenty years at hard labor without benefit of probation, parole or suspension of sentence.
Defendant brings this appeal, urging the following four assignments of error:
1. The trial court erred in denying defense counsel’s motion to quash the jury venire based on the selection and composition of that venire.
2. The trial court erred by failing to grant a mistrial because of prejudicial remarks and comments made by the District Attorney in his closing argument.
3. The trial court erred in that the evidence presented at the trial was insufficient to prove the defendant guilty beyond a reasonable doubt.
4.The trial court erred when it imposed an excessive sentence.
FACTS:
On the afternoon of January 6, 1981, Detective Gary Spurgeon and Detective Smith of the Vernon Parish Sheriff's Office responded to a call which resulted in an investigation of an alleged armed robbery at Johnson’s Quik Stop in Sandy Hill near Leesville. Viola Lucke, an employee at the Quik Stop, described the incident to Detective Spurgeon. The owner of the store, L.C. Lawrence, returned at about 3:15 p.m. after completing his daily school bus route. He found that four hundred forty-four ($444.00) dollars in cash and five (5) Krono-tron watches valued at $24.95 each were missing from the store as a result of the alleged robbery.
Thereafter, Detective David Wagner of the Lake Charles Police Department, in cooperation with the Vernon Parish Sheriff’s Office, investigated the alleged armed robbery and he discussed the incident with the defendant and Janet Caesar. In the course of his investigation, he seized two (2) Kronotron wristwatches, one from Janet Caesar’s wrist and the other from the wrist of the defendant. The defendant and Janet Caesar were arrested on February 11, 1981 at the Lake Charles Police Department by Detective Spurgeon and the defendant was charged with armed robbery.
ASSIGNMENT OF ERROR NO. 1:
In this assignment of error, the defendant asserts that the trial court erred in denying defense counsel’s motion to quash the jury venire based on the selection and composition of the venire.[1]
Counsel for defendant moved to quash the venire based on a denial of due process maintaining that only three (3) persons out of ninety (90) persons on the jury venire *661 were black. In arguing this motion, defense counsel stated:
“... my position is that there’s no way a black man charged with armed robbery is going to get a fair trial unless he at least has an opportunity to have some black people on the jury. And I’m not saying that they were systematically excluded. That’s not my argument. And I know that the Court has ruled in the past that unless it was systematic exclusion that many times it doesn’t make any difference, but I’m — I’m—again making that motion today. I see only three black people sitting out there out of — out of a total list of ninety persons.”
La.C.Cr.P. Art. 419 reads, in pertinent part:
A general venire, grand jury venire, or petit jury venire shall not be set aside for any reason unless fraud has been practiced or some great wrong committed that would work irreparable injury to the defendant.
The burden of establishing fraud or that some irreparable injury has been caused by the jury selection process is borne by the defendant. State v. Liner, 397 So.2d 506 (La.1981); State v. Kirts, 447 So.2d 1 (La.App. 3 Cir.1983), writ denied 464 So.2d 306 (La.1985).
In Kirts, supra, this Court found that there were no allegations of fraud, and the record was devoid of any indications of such. This Court also noted that the defendant failed to show any systematic exclusion from the jury venire of members of his race and the record was also devoid of any prima facie showings of discrimination. Kirts, supra at 3.
In the instant case, counsel for the defendant admits that the record is devoid of any evidence showing a systematic exclusion of blacks. It was only defense counsel’s casual appraisal of the venire that resulted in his unsupported assessment that only three blacks were on the panel. In addition, there is no allegation of fraud, nor does the record reveal any indications of fraud. The defendant has failed to establish fraud or “any great wrong” resulting in irreparable injury caused by the jury selection process and this assignment of error, therefore, lacks merit.
ASSIGNMENT OF ERROR NO. 2:
The defendant maintains that the trial court erred in denying defense counsel’s motion for mistrial based upon certain remarks and comments made by the district attorney in his closing argument.
The complained of remarks, made by the district attorney as he concluded his argument, were:
“And I ask you, ladies and gentlemen, to do your part in this system of justice that we have, finding Philbert Sterling guilty of the offense of armed robbery. Thank you very much for your attention.”
La.C.Cr.P. Art. 774 reads as follows:
Art. 774. Argument; scope
The argument shall be confined to evidence admitted, to the lack of evidence, to conclusions of fact that the state or defendant may draw therefrom, and to the law applicable to the case.
The argument shall not appeal to prejudice.
The state’s rebuttal shall be confined to answering the argument of the defendant.
A conviction will not be reversed because of an improper closing argument unless the reviewing court is thoroughly convinced that the remarks influenced the jury and contributed to the verdict. State v. Knighton, 436 So.2d 1141, cert. denied, 465 U.S. 1051, 104 S.Ct. 1330, 79 L.Ed.2d 725 (1984); State v. Williams, 447 So.2d 495 (La.App. 3 Cir.1984), writ denied, 450 So.2d 969 (La.1984).
In State v. Brown, 395 So.2d 1301 at 1319 (La.1981), defense counsel objected to the following remarks made by the prosecutor during the state’s closing argument:
“I’m proud of the law enforcement we have in Allen Parish and I hope we keep it that way. You’re well aware that this great country of ours, the system of *662 justice that we’re living under is being tried very severely.”
The court found that even assuming the statements were beyond the limits of La.C. Cr.P. Art. 774, the jury would not have been so diverted from its task or fearful of any predicted consequences as to have required reversal of the defendant’s conviction. Brown, supra.
In this case, this court is not thoroughly convinced that the prosecutor’s remarks influenced the jury and contributed to the verdict finding the defendant guilty. As the State points out in its brief,
... “such a statement, taken as a whole and in context with the entirety of the closing statement is completely proper and is not in any way prejudicial. It is customary and good practice, in criminal cases, for the prosecuting attorney ask (sic) that the jury return a verdict of guilty and for the defense attorney to return a verdict of not guilty. It is submitted that the prosecutor in this case was simply wrapping up his argument by asking the jury to return a verdict of guilty against this defendant.”
For the foregoing reasons, this assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 3:
The defendant contends that the evidence presented at the trial was insufficient to prove the defendant guilty beyond a reasonable doubt.
When the issue of insufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Duncan, 420 So.2d 1105 (La.1982). It is the role of the fact finder to weigh the respective credibilities of the witnesses and the appellate court should not second guess the credibility determinations of the trier of fact beyond the sufficiency evaluations set out in the Jackson standard of review. See State ex rel Graffagnino v. King, 436 So.2d 559 (La.1983).
The defendant was found guilty of the crime of armed robbery. Armed robbery is the taking of anything of value belonging to another from the person of another or that in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon. La.R.S. 14:64.
In addition, La.R.S. 14:24 provides:
All persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals.
Persons who aid and abet in the commission of a crime are guilty as principals although they do not directly commit the act constituting the offense. State v. Bernard, 441 So.2d 817 (La.App. 3 Cir.1983).
The evidence of the defendant’s participation in the armed robbery consisted of the testimony of Janet Caesar and two alleged accomplices, Sam Johnson, Jr. and Ray Stevens, who were granted immunity from prosecution in exchange for their testimony.
Sam Johnson, Jr. testified that he, Ray Stevens, Janet Caesar, and the defendant left Lake Charles in two automobiles and headed for Leesville on the day of the alleged robbery. Upon arriving in Lees-ville, they stopped at a car wash near a trailer park. Johnson stated that he went to visit a friend who lived in the trailer park, leaving the others at the car wash. He testified that when he returned to the car wash, the others were not there, but arrived shortly thereafter in the defendant’s car. Johnson further testified that they drove to the Quik Stop Store where he made a telephone call from a pay phone on the side of the store. He stated that he returned to the car whereupon Janet Caesar informed him that Stevens and the defendant were inside the store. According to Johnson, the defendant was at the counter "... standing there with a couple of money bags and sacks in front of him ...” *663 and Stevens was behind the counter standing over someone with a gun. Johnson also testified that the defendant wore a cap “... similar to a blue tarn ...” that covered his entire face. Johnson testified further that Stevens told him to get some watches out of a cabinet on the counter after Stevens allowed the woman to open the cabinet. Johnson stated that he took five watches. According to his testimony, he exited the store with three watches, the defendant followed with the bags and a money box, and Stevens came out with a cigar box.
The testimony of Ray Stevens corroborated Johnson’s as to the fact that they left Lake Charles in two automobiles on January 6, 1981 and headed towards Leesville, and that they stopped at a car wash when they arrived in Leesville. Stevens stated that he could not remember whether or not Johnson went into the trailer park to see a friend. Stevens, however, did testify that he, Johnson, Janet, and the defendant went to the Quik Stop in the defendant’s automobile. According to Stevens, he, Johnson and the defendant discussed the robbery in advance. He also testified that Johnson went to use the phone and after completing his call, he, Johnson, and the defendant entered the store. Stevens stated he and Johnson wore stockings over their heads and he believed the defendant had a stocking over his head. Stevens admitted at trial that he had a pistol on him and that he made the cashier lie down behind the counter. According to his testimony, however, he merely showed her the gun and did not point it at her. He related that Johnson stood at the counter and the defendant stood at the door with a sawed-off shotgun concealed under his brown leather jacket. Stevens testified that he put the money from the register in a brown bag and Johnson took the watches from the cabinet.
Janet Caesar also testified at the trial. She testified that while sitting in the car at the car wash, she overheard the others talking about checking out a store. She also testified that when they drove to the Quik Stop, she stayed in the car and the others went toward the store. She stated that she did not remember nor could she actually see if they all went into the store. Her testimony revealed that Stevens had a gun and Johnson returned to the car with a brown paper bag. She also stated that after January 6, 1981, the defendant gave her a watch which was later seized at the Lake Charles Police Station.
When there is conflicting testimony as to factual matters as in the case before us, the question of the credibility of the witnesses is within the sound discretion of the trier of fact. Such factual determinations will not be disturbed unless clearly contrary to the evidence. State v. Klar, 400 So.2d 610 (La.1981); State v. Smith, 445 So.2d 521 (La.App. 3 Cir.1984). In the present case, the jury’s decision to believe that the defendant was a principal in the armed robbery does not appear to be contrary to the evidence.
Although the testimony of the three (3) prosecution witnesses was at times inconsistent, they all related essentially the same story. Taking into consideration the fact that the defendant’s trial took place over four (4) years after the alleged robbery, the inconsistencies of the witnesses’ accounts of what transpired are relatively minor. It is not crucial whether it was a ski cap or a stocking that defendant had over his head, or whether he stood at the door as a lookout or was at the counter with the money bags.
It is necessary, however, to prove the essential elements of the crime of armed robbery. Mr. L.C. Lawrence, the owner of the store, testified that four hundred forty-four ($444.00) dollars and five (5) Krono-tron watches valued at $24.95 were missing from his store as a result of the alleged robbery. His testimony, coupled with the testimony of Johnson and Stevens, satisfies the taking and value elements. The force or intimidation element is satisfied by Stevens standing over the cashier with a gun, whether or not he pointed it at her as he made her lie on the floor. Since Stevens had a gun, the weapon requirement is satis *664 fied whether or not the defendant was also carrying a weapon.
After viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could certainly conclude that the State proved the essential elements of the crime of armed robbery beyond a reasonable doubt.
The assignment of error, thus, lacks merit.
ASSIGNMENT OF ERROR NO. 4:
By this assignment of error, the defendant alleges that the trial court erred in imposing an excessive sentence.
The penalty provision prescribed for one convicted of the crime of armed robbery is imprisonment at hard labor for not less than five (5) years and for not more than ninety-nine (99) years, without benefit of parole, probation or suspension of sentence. The twenty (20) year sentence imposed on the defendant is, therefore, well within the statutory limit for sentencing. However, even a sentence which falls within the statutory limits may nevertheless violate a defendant’s right against excessive punishment. La. Const. Art. 1 § 20; State v. Sepulvado, 367 So.2d 762 (La.1979). Although a trial court is given wide discretion in the imposition of sentences within statutory limits, it does not have unbridled discretion. State v. Tilley, 400 So.2d 1363 (La.1981).
The appellate standard for determining if a sentence is unconstitutionally excessive has been articulated by this court as follows:
“[A] sentence is excessive if it is grossly disportionate to the severity of the offense. State v. Bonanno, 384 So.2d 355, 358 (La.1980). In determining whether the penalty is grossly disportionate, the court must consider ‘the punishment and the crime in light of the harm to society caused by its commission, and determine whether the penalty is so disproportionate to the crime committed as to shock our sense of justice.’ Id. In reviewing the claim of excessive sentencing, the trial judge is to be afforded wide discretion in the imposition of sentences within statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Abercrumbia, 412 So.2d 1027 (La.1982); State v. Morgan, 428 So.2d 1215, at page 1216 (La.App. 3 Cir.1983), writ denied 433 So.2d 166 (La.1983).
In State v. Bridges, 444 So.2d 721 (La.App. 5 Cir.1984), a twenty-five (25) year sentence at hard labor for armed robbery was held not excessive on its face in relation to the crime and the offender, in view of the presentence investigation report and the fact that the defendant utilized a systematic plan in the robbery and had two previous arrests which resulted in a conviction on a reduced charge.
In State v. Johnson, 406 So.2d 569 (La.1981), the court found that the trial judge did not abuse his discretion in sentencing the defendant, a third felony offender, to serve twenty (20) years at hard labor without benefit of parole, probation, or suspension of sentence for an armed robbery conviction in light of the defendant’s prior criminal record, the seriousness of the offense, and the fact that he escaped in order to avoid punishment.
In the present case, the trial judge, in sentencing the defendant, stated that the evidence revealed that the defendant “ planned and prepared for the robbery in Vernon Parish that was in question.” The trial judge also commented that this armed robbery conviction marks the defendant’s fourth felony conviction. The defendant had previously been convicted of burglary and theft and two offenses involving the possession and distribution of heroine. In addition, the trial judge pointed out that he could find no mitigating circumstances in the defendant’s case other than the fact that he “... did not actually do physical harm to that woman.”
A review of the applicable statutes and sentence provisions indicate that the Legislature considers armed robbery a serious offense. Given the facts of this case, and the gravity of the offense, a sentence *665 of twenty (20) years at hard labor without benefit of parole, probation or suspension of sentence is not excessive.
This assignment of error is likewise without merit.
For the above and foregoing reasons, the conviction and sentence are affirmed.
AFFIRMED.

. It appears that counsel for defendant on appeal has not argued this assignment of error in his brief. Assignments of error which are not briefed are considered abandoned. State v. Dewey, 408 So.2d 1255 (La.1982). In as much as he presents the alleged error and its applicable facts, this assignment will be discussed.