PER CURIAM.
The defendants were convicted of simple burglary, La.R.S. 14:62, and sentenced to the custody of the Department of Corrections for seven years. They appeal their convictions and sentences relying on two bills of exceptions reserved and perfected during the proceedings.
 Bill of Exceptions No>. 1 was reserved at the close of the state’s case when the state was allowed to introduce a photograph into evidence over objection of the defendant. The photograph depicted two loose boards on the side of the building burglarized. The ground for the objection by the defendant was that the picture was taken after police officers had pulled on the boards and therefore the picture did not represent the scene as it was originally found, and that the police officers had pulled on the boards prior to the photograph. The determination of the proper use of the photographs at trial is largely within the sound discretion of the trial judge who can determine whether they serve a proper place in the jury’s enlightenment, and his rulings in this respect will not be disturbed in the absence of an abuse of discretion. State v. Giles, 253 La. 533, 218 So.2d 585 (1969). The bill of exceptions is without merit.
Bill of Exceptions No. 2 was reserved to the trial court’s failure to direct a verdict in favor of the defendants. We have repeatedly held that in criminal jury trials the device of the motion for directed verdict is unavailable. State v. Hudson, 253 La. 992, 221 So.2d 484 (1969).
For the reasons assigned, the convictions and sentences are affirmed.