345 So.2d 1170 (1977)
STATE of Louisiana
v.
Rickey Joe HAWTHORNE.
No. 59079.
Supreme Court of Louisiana.
May 16, 1977.
Rogers M. Prestridge, Thomas, Prestridge & Burchett, Bossier City, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Henry N. Brown, Jr., Dist. Atty., for plaintiff-appellee.
DENNIS, Justice.
In August of 1975, the body of Mrs. Dorothy Webb was found in her rural Bossier Parish home. She had been brutally beaten to death. Nine months later the police obtained information which ultimately led to the arrest of Rickey Joe Hawthorne, the appellant herein. On April 6, 1976, Hawthorne was charged by grand jury indictment with second degree murder. La.R.S. 14:30.1. He was tried by a jury of twelve, found guilty as charged, and sentenced to life imprisonment at hard labor.
The sole assignment of error presented for our review concerns the trial court's admission into evidence of a blood stained towel which had been discovered by the police near the body of the victim at the scene of the crime. Defendant, reasoning that the towel was not relevant to any material issue in dispute, and thus that it was wholly without probative value, argues that its introduction into evidence was solely *1171 for the purpose of "arousing the passions and feelings" of the jury against him.
In considering whether demonstrative evidence is admissible over objection that it is unduly inflammatory, the test to be applied is whether the proffered evidence is relevant to any material issue in dispute, and if so whether its probative value exceeds its probable prejudicial effect. State v. Morris, 340 So.2d 195 (La. 1976) (bloody clothes); State v. Gallow, 338 So.2d 920 (La.1976) (photographs); State v. Redwine, 337 So.2d 1041 (La.1976) (photographs); State v. Thomas, 329 So.2d 704 (La.1976) ("needle tracks" in defendant's arms); State v. Smith, 327 So.2d 355 (La. 1976) (photographs).
The position of the blood soaked towel near the victim's body, and the testimony of investigators that the towel did not appear to have been used by the killer to wipe up the blood, suggested that the victim used the towel to stem the flow of blood from her initial wound. Thus, the location and condition of the towel inferentially supported the prosecutor's argument that the victim suffered from a series of assaults, separated by distinct intervals of time. Contrary to defendant's assertions, the towel was relevant to proof of the manner in which the victim's death occurred, and it tended to negate defense counsel's assertions that the defendant acted in the heat of passion, without specific intent to kill or inflict great bodily harm. Furthermore, the defense did not offer to stipulate to the position or description of the towel. Compare, State v. Gilmore, 332 So.2d 789 (La.1976).
Defendant urges that the probative value of the towel, insofar as it tended to prove a material and contested fact, was diminished by the fact that the towel was depicted in certain photographs admitted into evidence. In weighing the relative probative value of proffered evidence against its probable prejudicial effect, whether the evidence is merely cumulative is a factor to be considered. State v. Redwine, supra. That evidence is regarded as merely cumulative does not, however, always make it inadmissible. State v. Walker, 328 So.2d 87 (La.1976).
At the time the jury saw the towel it was contained in a paper bag and, of course, the blood had dried. In considering whether the trial judge abused his discretion by allowing the towel to be admitted in this case, we have viewed the towel, and the photographic evidence introduced at trial. Although the towel, stiffened by the dried blood, has an unpleasant appearance, it is not, in our view, so morbid and gruesome as to overwhelm reason and cause the jury to lose sight of the State's obligation to prove by independent evidence every essential element of the offense charged.
For the foregoing reasons, the defendant's conviction and sentence are affirmed.