381 So.2d 823 (1980)
STATE of Louisiana
v.
Victor Kent THOMPSON.
No. 65562.
Supreme Court of Louisiana.
March 3, 1980.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Johnny C. Parkerson, Dist. Atty., John R. Harrison, Asst. Dist. Atty., for plaintiff-respondent.
Charles R. Brackin, Voelker, Ragland, Brackin & Crigler, Lake Providence, for defendant-relator.
SUMMERS, Chief Justice.
Defendant Victor Kent Thompson was arrested on May 18, 1979 accused of aggravated rape and aggravated crime against nature. On May 29, 1979 he signed a psychological stress evaluation release wherein he acknowledged that he would voluntarily submit to evaluation by a psychological stress evaluator. The release also absolved the District Attorney and those acting in his behalf from all claims arising out of the examination. He inserted in the prepared form of the release this exception: "This test information may not be released to any outside agency without my permission." Defense counsel signed the release as a witness.
In the recorded interrogation termed as a pre-test interview, which followed that same day, defendant acknowledged, when interrogated by an investigator for the District Attorney, his understanding of, and the voluntary nature of, the release and his willingness to take the psychological stress evaluation test. At that time defense counsel declared that the psychological stress evaluation test would be conducted with his permission and at his request.
In response to interrogation by an investigator for the District Attorney defendant recounted the facts and circumstances surrounding the alleged offense in the pre-test interview. He admitted that the female involved performed oral sex on him and that he had sexual intercourse with her. However, his statement was to the effect that he used no force and that she consented. The psychological stress evaluation test followed the pre-test interview.
Two days later on May 31, 1979 the Ouachita Parish Grand Jury returned a two-count *824 indictment charging defendant with aggravated rape and crime against nature.
Thereafter, in reply to questions propounded in a motion for a bill of particulars and discovery, the State attached a copy of the transcription of the recorded pre-test interview and the psychological stress evaluation test. Defendant moved to suppress both, alleging that the test and the pre-test interview which referred to the test were inadmissible and would be prejudicial to him. At the hearing on the motion to suppress the State's attorney confirmed that it was the intention of the prosecution to introduce the pre-test statement into evidence at the trial. The State makes no contention that the record of the test proper or its results are admissible in evidence.
The trial judge denied the motion to suppress, ruling that references to the psychological stress evaluation test contained in the pre-test interview "would merely indicate to the jury that the defendant and his counsel gave permission for a PSE test to be administered." In the opinion of the trial judge there was nothing in the pre-test statement which disclosed that a psychological stress evaluation test was ever given, much less what the results were.
From this ruling defendant sought review. Certiorari was granted.
On the authority of State v. Catanese, 368 So.2d 975 (La.1979), holding that the results of PSE tests[1] are not admissible at trial and Section 450 of Title 15 of the Revised Statutes which requires that every confession, admission or declaration sought to be used against anyone must be used in its entirety, the defense contends that the trial judge was in error. The argument is that the error stems from holding that the pre-test interview and the PSE test which followed were separate and distinct, and the pre-test statement was admissible notwithstanding that it referred to the fact that a PSE test would be conducted.
According to the defense the pre-test statement is an integral part of the PSE test. Without an interview, the argument goes, there could be no test. Furthermore, the defense contends that the defendant understood that he granted the interview with the understanding that it was part of the test. To corroborate this position the defense points to the clause inserted in the release which unequivocally states that, "This test information may not be released to any outside agency without my permission." Additional support for this position is noted in the copy of the PSE test available to us in the record.
In the very beginning of the interrogation in the test immediately following the pre-test interview after asking defendant what day it was, the investigator asked him, "Are you afraid I'm going to ask you a question we have not discussed?" This question followed a lengthy pre-test, detailed discussion of the facts and circumstances surrounding the sexual encounter between defendant and the prosecutrix, which transcribed in single space type consumed sixteen pages. Obviously the test question referred to this lengthy discussion immediately preceding the question. This identical question was propounded to defendant on three occasions at the beginning of the three phases of the test following the so-called pre-test interview. In our opinion the pre-test interview was in reality an integral part of the test proper and that portion cannot realistically be considered separate and apart from what the State would have us consider to be the test.
Upon the premise that PSE tests are inadmissible, therefore, we hold that the statement sought to be introduced into evidence by the State is inadmissible for it is an integral part of the test conducted in this case. State v. Catanese, 368 So.2d 975 (La.1979).
Moreover, the explicit declaration contained in the release by defendant that, *825 "This test information may not be released to any outside agency without my permission." must, under the facts and circumstances of this case be construed to mean that defendant was not consenting to the use of his following statements against him in a court of law.
For the reasons assigned, the ruling of the trial judge is reversed and set aside and the defendant's motion to suppress is granted. The case is remanded to the trial court to be proceeded with according to law and in a manner not inconsistent with this opinion and decree.
DENNIS, J., concurs.
NOTES
[1] While Catanese dealt with a polygraph test and not a PSE test, the two tests operate on similar principles; the latter is based on changes in a person's voice when he is under stress and is, if anything, less reliable than the polygraph. Catanese then is authority for holding PSE tests inadmissible.