DOMENGEAUX, Judge.
The defendant, Jack Segura, eighteen years of age, was indicted by an Iberia Parish grand jury on June 1, 1982, and charged with the second degree murder of Todd Broussard, in violation of La.R.S. 14:30.1.
On September 29, 1982, following a trial by jury, the defendant was found guilty as charged by a unanimous decision. On November 16, 1982, defendant Segura moved for a new trial, alleging that his own testimony at the original trial on the merits was fabricated and that he had not murdered Todd Broussard. The defendant alleged that a young man named Lancon had committed the murder. The defendant had originally pled self-defense but there was direct evidence which seriously contradicted that claim. During the hearing on defendant’s motion for a new trial the defendant maintained that Mr. Lancon stabbed the victim first and then defendant stabbed him again, allegedly under duress.
Following a hearing on the motion for a new trial, the trial judge denied the motion. On March 21, 1983, the trial judge imposed a mandatory sentence of life imprisonment. Defendant appeals his conviction and sentence.
The defendant has submitted briefs arguing unparticularized assignments of error. However, as the appellant failed to designate and file assigned errors with the trial court within the time prescribed by La.C.Cr.P.Art. 844, we are precluded from considering those errors on appeal. State v. Zeno, 322 So.2d 136 (La.1975); State v. Walker, 434 So.2d 1315 (La.App. 3rd Cir.1983). Thus, we are limited in this appeal to a consideration of those errors that are discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence, i.e., patent errors. La.C.Cr.P.Art. 920(2).
The defendant was indicted on April 24, 1982, by an Iberia Parish grand jury. The bill of indictment was in proper form, signed by the grand jury foreman and by the district attorney.
On June 17, 1982, the defendant, accompanied by retained counsel, appeared before the court, waived arraignment and entered a plea of not guilty. The court minutes reflect that the defendant was present during the selection of the jury, at all times during the trial, and was present when judgment was rendered.
The defendant requested a trial by jury and was subsequently tried before a twelve person jury. The defendant was charged with violation of La.R.S. 14:30.1, a crime punishable by a mandatory sentence of life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. The charge constitutes a felony offense which must be tried before a twelve (12) person jury returning a vote of guilty by at least ten jurors. The defendant was found guilty by a unanimous decision. The sentence imposed, life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence, falls within the statutory limits.
The minutes of the court reflect the sentence imposed. Sentencing was had after proper delays following a pre-sentence investigation.
There is no question presented herein as to the constitutionality of La.R.S. 14:30.1.
We have conducted a careful examination of the record before us pursuant to the provisions of La.C.Cr.P.Art. 920, and finding no errors patent on the record, we hereby affirm the conviction and sentence imposed upon the defendant by the district court.
AFFIRMED.