DOMENGEAUX, Judge.
The defendant, Ricky Prejean, was charged by grand jury indictment with one count of aggravated rape, in violation of La.R.S. 14:42, and two counts of aggravated kidnapping, in violation of La.R.S. 14:44. At trial, the aggravated kidnapping *1310 counts were severed and the defendant was tried only on the aggravated rape charge. A twelve-person jury returned the responsive verdict of attempted aggravated rape. After examining the presentence investigation report ordered by the trial court, the trial judge sentenced the defendant to serve twenty (20) years at hard labor with credit for time served.
The defendant appeals his conviction and sentence, listing three assignments of error:
(1) The trial court erred in convicting defendant in that the State failed to carry its burden of proving each element of the crime beyond a reasonable doubt.
(2) The trial court erred in imposing an excessive sentence unsupported by the record.
(3) All errors patent on the face of the record.
FACTS
On the evening of December 14, 1984, the victim, Jane Smith, and her friend, Mary Brown, both 16 years old,[1] went to an area in Lafayette known as “The Strip” which is a group of bars near the USL campus. Around midnight the two girls were driving along The Strip when the defendant, an acquaintance of Mary Brown’s, opened the car door and sat in the back seat. There was as yet no apparent alarm as Miss Brown knew the defendant to be an employee of the Kroger’s grocery store in her neighborhood area.
The defendant requested the girls to drive him to a drive-up daiquiri place. The girls complied. While driving back to The Strip, the defendant pulled out a pocket knife and ordered the girls to follow his directions. After arriving at the defendant’s house, he ordered the girls to undress. The defendant then tied up Miss Brown in the bedroom and Miss Smith in the living room. He then allegedly had sexual intercourse with Jane Smith.
The defendant thereafter untied the two girls. The girls promised not to tell anyone and agreed to take the defendant back to his car on The Strip. According to the two girls, they did not report the incident until the following evening fearing both that the defendant might hurt them and that they might get into trouble for being at The Strip after telling their parents they had gone to a movie.
The defendant was arrested that night at his Lafayette residence.
ASSIGNMENT OF ERROR NO. 1
In this first assignment, the defendant contends that the State failed to carry its burden of proving the elements of the crime beyond a reasonable doubt.
This assignment of error, however was not addressed by the defendant in his brief. Assignments of error which are not briefed are considered abandoned. State v. Dewey, 408 So.2d 1255 (La.1982); State v. Crawford, 441 So.2d 813 (La.App. 3rd Cir.1983).
ASSIGNMENT OF ERROR NO. 2
Through this assignment of error, the defendant asserts that a sentence of twenty years at hard labor for a conviction of attempted aggravated rape is excessive.
The penalty for a defendant convicted of aggravated rape is provided for in La.R.S. 14:42 as follows:
“C. Whoever commits the crime of aggravated rape shall be punished by life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.”
In addition, La.R.S. 14:27 establishes the sentences for attempted crimes. It provides:
“D. Whoever attempts to commit any crime shall be punished as follows:
(1) If the offense so attempted is punishable by death or life imprisonment, he shall be imprisoned at hard labor for not more than fifty years....”
*1311 Thus, the maximum penalty which a defendant convicted of attempted aggravated rape could receive is fifty years imprisonment at hard labor. The Louisiana Supreme Court in State v. Sepulvado, 367 So.2d 762 (La.1979), decided that the imposition of a sentence, even though within the statutory limits, may be unconstitutionally excessive in violation of Article I, Section 20 of the Louisiana Constitution of 1974.[2] The appellate standard for determining whether the sentence is unconstitutionally excessive has been articulated by this Court as follows:
“[A] sentence is excessive if it is grossly disproportionate to the severity of the offense. State v. Bonanno, 384 So.2d 355, 358 (La.1980). In determining whether the penalty is grossly disproportionate, the court must consider 'the punishment and the crime in light of the harm to society caused by its commission, and determine whether the penalty is so disproportionate to the crime committed as to shock our sense of justice.’ Id. In reviewing a claim of excessive sentencing, the trial judge is to be afforded wide discretion in the imposition of sentences within statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Abercrumbia, 412 So.2d 1027 (La.1982).”
State v. Morgan, 428 So.2d 1215 (La.App. 3rd Cir.1983), writ denied, 433 So.2d 166 (1983).
In the instant case, the record indicates that this was the defendant’s first felony conviction. According to the presen-tence investigation report, the defendant has a prior conviction for simple battery. The report also reveals that he was arrested and charged with carnal knowledge and contributing to the delinquency of a juvenile, but the charges were dropped when the alleged victim married the defendant. Other criminal activities, including arrests even though not prosecuted to convictions, are facts proper for consideration by the court in imposing sentence. State v. Williams, 412 So.2d 1327 (La.1982); State v. James, 447 So.2d 580 (La.App. 3rd Cir.1984).
Furthermore, the trial judge, in sentencing the defendant noted that although the defendant was only convicted of attempted aggravated rape, the evidence indicated that sexual intercourse had in fact occurred. He further stated that the defendant’s conduct was "... sufficiently culpable and reprehensible ...” to warrant a sentence of twenty years at hard labor.
After a careful consideration of the facts of this case, we cannot find that the trial judge abused his discretion in sentencing the defendant.
This assignment of error lacks merit.
ASSIGNMENT OF ERROR NO. 3
The defendant requests in this assignment that the record be inspected for any errors patent which would enable this Court to reverse his conviction and sentence. Pursuant to the provisions of La.C. Cr.P. Article 920, a careful examination of the record has been conducted and no errors patent were found.
Accordingly, this assignment of error is without merit.
For the above and foregoing reasons the conviction and sentence of the defendant are affirmed.
AFFIRMED.

. Because of the ages of the two girls involved in this case, their true identities are not disclosed.

. The author of this opinion is compelled to again state his position as to appellate review of sentences for excessiveness. Our state constitution does not provide for nor does it mandate judicial review of sentences which fall within the limits set by the respective criminal statutes. See State v. Goodman, 427 So.2d 529 (La.App. 3rd Cir.1983), concurring opinion at 533; State v. Vallare, 430 So.2d 1336 (La.App. 3rd Cir.1983), concurring opinion at 1339, writ denied, 433 So.2d 729 (La.1983). See also State v. Shelby, 438 So.2d 1166 (La.App. 3rd Cir.1983), concurring opinion at 1169; see also State v. Rainwater, 457 So.2d 1280 (La.App. 3rd Cir.1984), concurring opinion at 1282.